IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAMES BERRY KLUGE**, an individual, | : : : |
| Plaintiff, | : : Civil Action No.: 2:25-cv-7531 |
| v. | : : **JURY TRIAL DEMANDED** |
| **MARKET SOLUTIONS GROUP, INC.**, d/b/a **ZAVOR**, a New Jersey Corporation and **AMAZON.COM, INC.**, a Washington Corporation, | : : : : |
| Defendants. | : |

## COMPLAINT

Plaintiff, **JAMES BERRY KLUGE**, ("Plaintiff"), by and through his undersigned counsel, **JOHNSON BECKER, PLLC**, hereby submits the following Complaint and Demand for Jury Trial against Defendant, **MARKET SOLUTIONS GROUP, INC. d/b/a ZAVOR** ("Zavor") and **AMAZON.COM, INC.** ("Amazon"), alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1. Defendant Zavor designs, manufactures, markets, imports, distributes, and sells a wide-range of consumer products, including the subject "Zavor EZ Lock Pressure Cooker," which specifically includes the Model Number ZCWEZ22 (hereinafter referred to as "Pressure Cooker(s)") that is at issue in this case.

2. Defendant Zavor touts the "safety"[1] of its pressure cookers, and states that its pressure cookers come with "an automatic universal self-locking mechanism, that ensures the utmost ease

---

[1] *See*, https://www.zavoramerica.com/ezlock-pressure-cooker/ (last accessed June 4, 2025)

1

of use".[2] Despite Zavor's claims of "safety," Defendants designed, manufactured, marketed, imported, distributed and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

3. Specifically, said defects manifest themselves when, despite Defendant Zavor's claims to the contrary, the lid of the Pressure Cooker is removable with built-up pressure, heat, and steam still inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families and other bystanders. Here, the pressure cooker's lid was able to be rotated and opened while the pressure cooker was still under pressure, causing Plaintiff serious and substantial bodily injuries and damages.

4. Defendants Zavor and Amazon knew or should have known of these defects but nevertheless put profit ahead of safety by continuing to sell its Pressure Cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to timely recall the dangerously defective Pressure Cookers despite the risk of significant injuries to Plaintiff and consumers like her.

5. As a direct and proximate result of Defendants' collective conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

---

[2] *Id*.

## PLAINTIFF JAMES BERRY KLUGE

6. Plaintiff is a resident and citizen of the City of Spartanburg County of Spartanburg, State of South Carolina.

7. On or about August 18, 2021, Plaintiff purchased the subject pressure cooker from Amazon.com.

8. On or about July 17, 2023, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff. The incident occurred as a result of the failure of the pressure cooker's supposed safety features, which purport to keep the consumer safe while using the pressure cooker. In addition, the incident occurred as the result of Defendants' failure to redesign the Pressure Cooker, despite the existence of economical, safer alternative designs.

## DEFENDANT MARKET SOLUTIONS GROUP, INC. d/b/a ZAVOR

9. Defendant Zavor designs, manufactures, markets, imports, distributes, and sells a variety of consumer kitchen products including pressure cookers, induction cooktops, cookware, and air-fryers, amongst others.

10. Defendant Zavor is a New Jersey Corporation, with a principal place of business located at 125 Broad Avenue, Suite 18, North Bergen, New Jersey 07047, and does business in all 50 states. Defendant Zavor is therefore deemed to be a resident and citizen of the state of New Jersey.

## DEFENDANT AMAZON.COM, INC.

11. Defendant Amazon markets, imports, distributes, and sells a variety of consumer products, including the subject heating pad in this case.

12. Defendant Amazon is, and was at the time of Plaintiff's injury, a corporation organized and existing under the laws of the state of Washington with its headquarters and principal place of business located in Washington. Amazon does business in all 50 states. Amazon is therefore deemed to be a resident and citizen of the State of Washington for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

13. At all times relevant, Amazon substantially participated in the marketing, import, distribution and sale of the subject heating pad, which caused Plaintiff's injuries and damages.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction as prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Zavor is a resident and citizen of the State of New Jersey.

16. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Amazon has sufficient minimum contacts with the State of New Jersey and intentionally availed itself of the markets within New Jersey through the promotion, sale, marketing, and distribution of its products.

## FACTUAL BACKGROUND

17. Zavor and Amazon are engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing, and selling the Pressure Cookers at issue in this litigation.

18. Zavor touts the "safety"[3] of its pressure cookers, asserting that "ZAVOR pressure cookers are manufactured and designed with a concern for function and safety, meeting all international safety standards."[4]

19. According to the User's Manual accompanying each individual unit sold, the pressure cookers possess a variety of safety features which claim to keep consumers safe. These purported safety features include:

   a. **Safety Vent:** "Located on the side of the lid. It is an additional safety feature; the vent releases any excess pressure built inside the pressure cooker."[5]

   b. **Pressure Indicator:** "[I]f the pressure indicator is raised, there is pressure inside the cooker and *the pressure cooker cannot be opened*. The pressure lock on the lid will be blocked and will not slide to the open position. If the pressure indicator is not raised, there is no pressure inside the cooker, and you can safely open the lid."[6]

20. Despite Zavor's claims of "safety," it designed, manufactured, marketed, imported, distributed, and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

21. By reason of the forgoing acts or omissions, the above-named Plaintiff used the Pressure Cooker for with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

22. Plaintiff used his Pressure Cooker for its intended purpose of preparing meals for himself and/or his family and did so in a manner that was reasonable and foreseeable by Defendants.

---

[3] *See*, e.g. ZAVOR EZLock Pressure Cooker User's Manual, pgs. 5, 7. A copy of the User Manual is attached hereto as "Exhibit A."
[4] *Id*. at pg. 5.
[5] *Id.*
[6] *Id*.

23. However, the aforementioned Pressure Cooker was defectively designed and manufactured by Zavor in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the Pressure Cookers.

24. Defendants' Pressure Cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

25. Further, Defendant Zavor's representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiff directly in harm's way.

26. Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

27. Defendants knew or should have known that their Pressure Cookers possessed defects that pose a serious safety risk to Plaintiff and the public.

28. As a direct and proximate result of Defendants' intentional concealment of such defects, their failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous Pressure Cooker, which resulted in significant and painful bodily injuries upon the explosive removal of the lid of the Pressure Cooker.

29. Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendants' Pressure Cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## SPECIFIC COUNTS

### COUNT ONE
### PURSUANT TO THE NEW JERSEY PRODUCTS LIABILITY ACT
### (N.J.S.A. §2A:58C-1 *et. seq.*)

30. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

31. This Count is brought pursuant to N.J.S.A. §2A:58C-1 *et. seq.*, the New Jersey Products Liability Act.

32. At the time of Plaintiff's injuries, Defendants' pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

33. Defendants' actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

34. Defendants, under all applicable laws including, but not limited to, the New Jersey Products Liability Act, N.J.S.A. §2A:58C-1 *et. seq.*, are liable unto Plaintiff for his injuries and damages for designing, manufacturing, assembling, marketing, distributing, and/or selling the aforesaid pressure cooker that was unreasonably dangerous in construction or composition, in design, because inadequate warnings about the product had not been provided, and/or because the pressure cooker did not conform to the implied and express warranties of the manufacturer about this product.

35. Specifically, Defendants' pressure cookers are unreasonably dangerous due to the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto the Plaintiff, as it did in this case.

36. Further, reasonable consumers, including Plaintiff, would not have reason to expect that

the subject pressure cooker would retain pressure despite the appearance that all pressure had been released, would not be able to detect any such defect, and would not have any knowledge as to how to prevent such an incident occurring.

**WHEREFORE**, Plaintiff demands judgment against Defendants for damages, together with interest, costs of suit and all such other relief as the Court deems proper.

## JURY TRIAL DEMANDED

37. Plaintiff is entitled to and demand a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

A. On the **FIRST CAUSE OF ACTION,** compensatory damages, interest, attorneys' fees, costs of suit and any such other relief as the Court deems just and proper.

Respectfully submitted,

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**

Date: June 5, 2025

*/s/ Marc Grossman, Esq.*
Marc Grossman, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
(516) 741-5600
(516) 741-0128 (fax)
mgrossman@milberg.com

*In association with:*

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq. (MN 0397289)
*Pro Hac Vice to be filed*
Anna R. Rick, Esq. (MN 0401065)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800

St. Paul, MN 55101
(612) 436-1800
(612) 436-1801 (fax)
akress@johnsonbecker.com
arick@johnsonbecker.com

***Attorneys for Plaintiff***